UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD BURTON, JR.,

        Plaintiff,

v.                            Case No. 3:08-cv-812-J-12HTS

SECRETARY, et al.,
        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint). On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir.), cert. dismissed, 524 U.S. 978 (1998). The Court takes judicial notice of filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:92-cv-333-J-SHB; (2) 3:95-cv-385-J-WTH; and, (3) 3:96-cv-396-J-WTH. Additionally, Case No. 3:98-cv-998-J-RWN was dismissed as frivolous. Further, Case No. 0:04-cv-60506-FAM was dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury,[1] his application to proceed in forma pauperis will be denied and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Alternatively, this case will be dismissed as an abuse of the judicial process. On the Complaint form, Section IV.(B) states the following: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or

---

[1] Plaintiff's Complaint is not entirely clear; however, he does not allege any facts that would lead this Court to conclude that he is under imminent danger of serious physical injury.

- 2 -

otherwise relating to your imprisonment or conditions thereof?" Complaint at 5. There are parenthetical areas to mark either yes or no. Plaintiff marked no on his Complaint. Id. At the end of the Complaint, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing is true and correct." Id. at 13. The Court takes judicial notice of the information displayed on the U.S. Party Case Index, which reflects that Plaintiff has filed over sixty prisoner civil rights cases in the federal courts throughout the state of Florida. See https://pacer.uspci.uscourts.gov.

This Court is convinced that Plaintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. The Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here, Plaintiff has falsely responded to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions. For now, this case will be dismissed for

Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's application to proceed in forma pauperis (Doc. #2) is **DENIED**.

2. This case is hereby **DISMISSED** without prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

**DONE AND ORDERED** at Jacksonville, Florida, this 27TH day of August, 2008.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

ps 8/20
c:
Richard Burton, Jr.